

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| TETYANA DORSANEO, | ) | No. 18-15487 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 3:17-cv-00765-VC |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| EDWARD MATTHEW | ) | |
| DORSANEO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| TETYANA DORSANEO, | ) | No. 18-15678 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 3:17-cv-00765-VC |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY B. NEUSTADT, Counsel | ) | |
| for Defendant, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| EDWARD MATTHEW | ) | |
| DORSANEO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 1, 2019[**]
San Francisco, California

Before: FERNANDEZ, W. FLETCHER, and PAEZ, Circuit Judges.

In No. 18-15487, Edward Dorsaneo (hereafter "Edward") appeals the district court's grant of summary judgment[1] and the district court's underlying grant of partial judgment on the pleadings[2] to Tetyana Dorsaneo (hereafter "Tetyana") in her action against him for breach of his contract with the United States that he would provide certain financial support for Tetyana.[3] In No. 18-15678, Edward's former attorney, Jeffrey Neustadt (hereafter "Neustadt") appeals the district court's order sanctioning him[4] for his actions in representing Edward. We affirm.

(1) No. 18-15487

---

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[1]*See* Fed. R. Civ. P. 56(a).

[2]*See* Fed. R. Civ. P. 12(c).

[3]*See* 8 U.S.C. §§ 1182(a)(4)(C)(ii), 1183a(a)(1); *see also Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016).

[4]*See* Fed. R. Civ. P. 11(c)(1).

(a) Edward argues that the district court erred when it granted Tetyana's motion for judgment on the pleadings. We disagree. The district court's order was for partial judgment on the pleadings. In that order, the district court determined that Edward's obligation to support Tetyana commenced when, in reliance on the affidavit of support executed and submitted by Edward ("the I-864 contract"), she was granted lawful permanent resident (hereafter "LPR") status. *See* 8 C.F.R. § 213a.2(e)(1); *see also* 8 U.S.C. § 1186a(a)(1).[5] Edward pled and argues that his obligation should never have attached because Tetyana made untruthful representations to him, and those induced him to marry her and sign the I-864 contract. However, nothing in the statutes, the regulations, or the I-864 contract so provides. On the contrary, as we have explained, the very purpose of the statutory scheme "is to prevent the admission to the United States of any alien who is likely at any time to become a public charge." *Erler*, 824 F.3d at 1179 (internal quotation marks omitted); *see also* 8 U.S.C. §§ 1601(1)–(2), (5), 1182(a)(4)(A); H.R. Rep. No. 104-651, at 6, 1327 (1996), *as reprinted in* 1996 U.S.C.C.A.N. 2183, 2187, 2384. We went on to explain "that purpose is best served by interpreting the affidavit in a way that makes prospective sponsors more

---

[5]That LPR status was conditional because it could later terminate. *See* 8 U.S.C. § 1186a(b). Nonetheless, it was LPR status.

3

cautious about sponsoring immigrants." *Erler*, 824 F.3d at 1179. Edward was not sufficiently cautious.

To the extent that Edward suggests that a terminating event may have occurred,[6] that does not support his claim of error in the district court's order regarding partial judgment on the pleadings. The district court did not grant judgment on the pleadings on that issue, but left it, and the question of any offset by any income of Tetyana, to a later determination "either on summary judgment or at trial." Discovery was to proceed.

(b) Edward then argues that the district court erred when it granted summary judgment regarding the amount of his obligation. Again, we disagree. At summary judgment, Tetyana submitted evidence regarding her income and the absence of a terminating event. Edward conducted no discovery on those issues, and, indeed, did not answer discovery directed to him by Tetyana. Rather, in the guise of addressing the issues that concerned the amount Tetyana could recover, Edward, in effect, reargued the commencement issue, which had been decided at the judgment on the pleadings stage.

---

[6]The terminating events are set forth in the statute and the regulations. *See* 8 U.S.C. § 1183a(a)(2), (3); 8 C.F.R. § 213a.2(e)(2). They are also listed in the I-864 contract.

(2) <u>No. 18-15678</u>

At the summary judgment motion proceeding, Edward did not, in fact, present evidence or argument on the issues then at hand and also submitted irrelevant and scandalous information about Tetyana. That led to a sanctions proceeding and ultimately to the order for sanctions against Neustadt that he now appeals. In the sanctions proceeding, Neustadt argued that submission of the scandalous information was proper and, indeed, required by law. The district court was not convinced and issued sanctions against Neustadt, including a relatively small monetary sanction and an order that the question of Neustadt's conduct be referred to the State Bar of California for its consideration. Before us, Neustadt seeks reversal of the referral direction only. The district court did not abuse its discretion when it issued that portion of the order. *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam); *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc). The irrelevant nature of the presentation at the summary judgment hearing, including its scandalous and not well supported attack on Tetyana's character, strongly suggested that it was being used for an improper purpose. *See* Fed. R. Civ. P. 11(b)(1). That sufficed to justify the referral, especially in light of the further exacerbation of the attack in the sanction proceeding itself. *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d,

5

743, 749–50 (9th Cir. 1993); *see also Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399–400, 405, 110 S. Ct. 2447, 2457–58, 2461, 110 L. Ed. 2d 359 (1990). Of course, we leave the question of whether Neustadt did violate the California Rules of Professional Conduct to the State Bar of California, if and when the matter is taken up by that body.

**AFFIRMED**. Costs are to be taxed against Edward in No. 18-15487 and against Neustadt in No. 18-15678.